

State of Vermont
Superior Court - Environmental Division

==========================================================

ENTRY REGARDING MOTION

==========================================================

In re Saman ROW Approval                                     Docket No. 176-10-10 Vtec
(Appeal from Town of Plainfield Development Review Board decision)

Title: Motion to Alter or Amend (Filing No. 8)

Filed: February 23, 2012

Filed By: Appellant William Basa

Response in opposition filed on 2/23/12 by Appellee/Applicant Peter Saman

___ Granted                    _X_ Denied                    ___ Other

        Before us is a motion by William Basa ("Appellant") requesting that the Court alter or amend our final judgment in this appeal under V.R.C.P. 59(e). In 2002, Peter Saman ("Applicant") filed an application seeking subdivision approval, which the Town of Plainfield Zoning Administrator denied. At the same time, Applicant sought the Planning Commission's approval of a fifty-foot right-of-way, which the Commission also denied. In 2010, Applicant filed another application ("the 2010 application") seeking only approval of a right-of-way. The Town of Plainfield Development Review Board ("the DRB") reviewed the 2010 application and unanimously approved the right-of-way, limiting its decision to approval of the right-of-way and declining to consider any proposed subdivision. Appellant then appealed the DRB's decision to this Court.

        In an on-the-record proceeding, the Court issued a February 6, 2012 Decision and Judgment Order affirming the DRB's decision. Specifically, as it pertains to the motion before us, the Court concluded that although the 2010 application presumably concerns the same right-of-way for which approval was sought in 2002, the successive application doctrine does not bar consideration of the 2010 application because the issue of right-of-way approval was never finally decided on the merits.

        In his pending motion, Appellant requests that the Court alter or amend its decision and find that Applicant requested subdivision approval in addition to approval of the right-of-way. Appellant also asks that the Court find that the successive application doctrine barred the DRB from considering the 2010 application because it was not substantially different from the approval sought in 2002.

        V.R.C.P. 59(e) allows parties to request that the Court alter or amend its judgment "to rectify its own mistakes in the period immediately following the entry of judgment." N. Sec. Ins. Co. v. Mitec Elecs., Ltd., 2008 VT 96, ¶ 41, 184 Vt. 303. It is ultimately within the Court's discretion whether to grant a Rule 59 motion, and we have identified four principal reasons for doing so: (1) to correct manifest errors of law or fact; (2) to allow a party to provide "newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." Lathrop Ltd. P'ship I, Nos. 122-7-04

Vtec, 210-9-08 Vtec, & 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule.").

Here, Appellant has not made any showing of an error of law or fact, new evidence, injustice, or change in the controlling law that would warrant an alteration of our previous Decision and Judgment Order. In his motion to alter, Appellant refers to "substantial evidence in the record" which allegedly links the application for right-of-way approval to the proposed subdivision application. (Appellant's Motion to Alter or Amend 1, filed Feb. 23, 2012). He has attached some of this evidence to his motion. None of the evidence, however, is newly discovered or was previously unavailable. In fact, the evidence was part of the record that this Court thoroughly reviewed in issuing its Decision and Judgment Order.[1]

Appellant's arguments that the Court should have considered the right-of-way application in conjunction with a subdivision application are unavailing. The DRB's decision expressly emphasized that the right-of-way application was the sole application before it, that it was not considering any subdivision application, and that any action taken on the right-of-way request was not to be construed as an approval or disapproval of any proposed subdivision. In re Saman Request for Right of Way Use Approval, Findings of Fact and Conclusions of Law 1 (Town of Plainfield Dev. Review Bd. Nov. 5, 2010). In undertaking its on-the-record review, this Court was limited to a review of the DRB's decision, and therefore the approval of a subdivision application was not before us.

Consequently we **DENY** Appellant's request to alter or amend our Decision and Judgment Order in this appeal pursuant to V.R.C.P. 59(e). We **UPHOLD** our Decision and Judgment Order dated February 6, 2012.

_____                    _____
Thomas G. Walsh, Judge                                    March 1, 2012
                                                                      Date

================================================================================

Date copies sent to: 3/1/12                         Clerk's Initials ۲ ٮ
Copies sent to:
  Elizabeth H. MaGill, Attorney for Appellant William Basa
  Thomas Hayes, Attorney for Appellee/Applicant Peter Saman
  Robert Halpert, Attorney for Interested Person Town of Plainfield
  Brice C. Simon, Attorney for Interested Person Brenda Lindemann

---

[1] Appellant's Exhibit E, attached to his motion, was not part of the record on appeal. However, by Appellant's own admission, Exhibit E is "identical in substance" to Exhibit 61 of the original record. (Appellant's Motion to Alter or Amend 2, filed Feb. 23, 2012). Accordingly, it is not new evidence that we can consider.